UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 21-cv-20334-MARTINEZ/Becerra

JANE DOE,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD, A BERMUDA
CORPORATION, d/b/a NORWEGIAN
CRUISE LINE,

       Defendant.

_____/

### DEFENDANT, NORWEGIAN CRUISE LINE'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

     Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE

LINE ("NCL"), by and through the undersigned counsel, pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 12(f), hereby moves this Honorable Court to dismiss Plaintiff's Complaint

(ECF No. 1), and to strike certain portions thereof, and as grounds therefor, states as follows:

### INTRODUCTION

     Plaintiff, JANE DOE, alleges she was sexually assaulted by a cabin steward in her

stateroom while she was a passenger onboard NCL's vessel, the Norwegian *Breakaway*. (ECF No.

1). The seven-count Complaint asserts claims against NCL for Strict Liability for Sexual Assault

and/or Sexual Battery (Count I), Negligent Infliction of Emotional Distress ("NIED") (Count II),

Intentional Infliction of Emotional Distress ("IIED") (Count III), Negligent Failure to Warn (Count

IV), Negligent Misrepresentation (Count V), Negligent Hiring (Count VI), and Negligent

Retention (Count VII). NCL moves to dismiss all counts, except Count I, under Fed. R. Civ. P.

12(b)(6), for failure to state a claim upon which relief may be granted. Additionally, NCL moves to strike paragraphs 11, 13, 14, 19, 20, 26, 34, and 44 of the Complaint as immaterial, impertinent, and scandalous under Fed. R. Civ. P. 12(f). For the reasons set forth herein, NCL respectfully requests that the Motion be granted.

## I.      Applicable Standards.

### A.      Motion to Dismiss.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2000) (citing *Twombly*, 550 U.S. at 556*)*. Although detailed factual allegations are not required, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id.* at 1949; s*ee Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* To survive a motion to dismiss, a plaintiff must "nudge" his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Neitzke v. Williams*, 490 U.S. 319, 319, 109 S. Ct. 1827, 1828 (1989) (noting Rule 12(b)(6)'s failure-to-state-a-claim standard is designed to streamline litigation by dispensing with needless discovery and factfinding); *Mondy v. Boulee*, 805 F. App'x 939, 941 (11th Cir. 2020).

**B.      Motion to Strike.**

Rule 12(f) gives the Court broad discretion to strike from a pleading any "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). An "immaterial matter" is one that has no important relationship to the claim or defense and an "impertinent" matter is one that does not pertain to the issue(s) in question. *126th Avenue Landfill, Inc. v. Pinellas County,* No. 8:09–CV–307–T–33TBM, 2009 WL 1544030, at *2–3 (M.D. Fla. June 3, 2009); Wright & Miller, *supra,* at 458–63. "The word 'scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual, states anything in repulsive language that detracts from the dignity of the court, or casts a cruelly derogatory light on a party or other person." *Badilo v. City of Deerfield Beach*, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (citing *S.E.C. v. Lauer,* 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007)).

## II.      Federal Maritime Law Governs Plaintiff's Claims.

Incidents occurring on navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). It is well-settled that the law governing passenger suits against cruise lines is the general maritime law. *Ridley v. NCL (Bahamas) Ltd*., 824 F.Supp.2d 1355, 1359 n. 4 (S.D. Fla. 2010) ("[T]here is no doubt that allegations involving negligence aboard a cruise ship—whether docked or otherwise—are controlled by admiralty law."). Here, Plaintiff alleges she was injured aboard the Norwegian *Breakaway* and relies upon federal maritime law as a basis

for recovery of damages. (ECF No. 1). Accordingly, federal maritime law applies to the instant action.

### III.     Plaintiff's Complaint Should be Dismissed as an Impermissible Shotgun Pleading.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). Such pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id*. (quotations and alterations omitted). Indeed, the Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Id*. at 1294; *Bartes v. Sch. Bd. of Alachua County*, 04-15459, 2005 WL 2764744, at *1 (11th Cir. Oct. 26, 2005*)* ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'"); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

In *Weiland v. Palm Beach Cty. Sheriff's Office*, the Eleventh Circuit described four categories of impermissible shotgun pleadings: (1) Complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) Complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) Complaints "not separating into a different count each cause of action or

claim for relief;" and (4) Complaints containing "multiple claims against multiple defendants without specifying which of the  defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." 792 F.3d 1313, 1321-23 (11th Cir. 2015). With respect to the first category, the Eleventh Circuit distinguished between counts that incorporated all the allegations of a preceding count, which failed to specify which facts were relevant to which claims, and those that incorporated only general preliminary factual allegations, finding that the latter was acceptable while the former was not. *Id*. at 1324.

Here, each of the 7 counts in Plaintiff's Complaint incorporates into each subsequent claim for relief twenty-four (24) paragraphs of "general" allegations. But these are not mere preliminary factual allegations as in *Case v. Celebrity Cruises Inc*., No. 20-21826-CIV, 2020 WL 8167429, at *5 (S.D. Fla. Dec. 11, 2020), *report and recommendation adopted*, No. 20-21826-CIV, 2021 WL 134413 (S.D. Fla. Jan. 14, 2021), and *Thompson v. Carnival Corp.*, No. 20-22217-CIV, 2020 WL 8224964, at *3 (S.D. Fla. Sept. 11, 2020), *report and recommendation adopted*, No. 20-22217-CIV, 2021 WL 199962 (S.D. Fla. Jan. 20, 2021), where the court found that the incorporated preliminary factual allegations pertained to the plaintiffs' injuries. While paragraphs 1 through 10 contain general factual and jurisdictional allegations, paragraphs 11 to 15 and 18 to 21 contain conclusory allegations regarding NCL's business model with respect to its practice of hiring male crewmembers, working conditions of crewmembers, operational procedures including screening, training, and monitoring of crewmembers, even criminal allegations. Not only are most of these allegations inapplicable to any claim but Plaintiff makes no attempt to indicate which allegations pertain to which count, thus presenting the first *Weiland* category of shotgun pleadings. *See Nichols v. Carnival Corp*., No. 1:19-CV-20836-UU, 2019 WL 7882648, at *3 (S.D. Fla. Sept. 17, 2019) (re-alleging and incorporating factual allegations without specifying which are pertinent to

a given claim results in a shotgun pleading that "fill[s] each count with allegations that are not relevant to that particular count.").

For example, in paragraphs 13, 18, and 21, Plaintiff alleges that NCL fails to screen, train, monitor and control male crewmembers. Paragraph 13 additionally provides that NCL failed to warn female passengers about male crewmembers, while paragraph 18 additionally provides that NCL failed to provide a safe environment and failed to protect passengers from sexual assault. Not only do each of these paragraphs commingle allegations pertinent to different causes of action they are also incorporated into each count making it impossible to "ascertain what factual allegations correspond with each claim." *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).

Because the Eleventh Circuit has advised against allowing a case to proceed when pled as a shotgun pleading, Plaintiff's Complaint should be dismissed. *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

**IV.     Plaintiff's Negligent Infliction of Emotional Distress (NIED) Claim (Count II) Should be Dismissed.**

In Count II, Plaintiff alleges that she suffered mental distress, and physical "soreness" after the alleged assault and that NCL is liable for negligent infliction of emotional distress. Notwithstanding the labels used in the Complaint, the actual Count does not state a *prima facie* case for the alleged tort.  "A valid claim for negligent infliction of emotional distress requires 'mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms.'" *Terry v. Carnival Corp.*, 3 F.Supp.3d 1363, 1369 (S.D. Fla. 2014) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337-38 (11th Cir. 2012)). Federal maritime law has adopted [the] application of the 'zone of danger' test which allows recovery if a plaintiff is placed in

immediate risk of physical harm by [defendant's negligent] conduct." *Chaparro*, 693 F.3d at 1338 (internal citations omitted). It is not sufficient for the plaintiff to have been a bystander to someone else's injury. *See Martins v. Royal Caribbean Cruises Ltd*., 174 F.Supp.3d 1345, 1354-55 (S.D. Fla. 2016) ("plaintiffs must allege more than merely being a witness to a traumatic event to sufficiently plead NIED") (internal citations omitted). In other words, recovery is warranted because "a near miss may be as frightening as a direct hit." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 547 (1994). In *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 147 (2003), the Supreme Court held NIED recovery "is sharply circumscribed by the zone-of-danger test."

At its core, the "zone of danger" rule permits a plaintiff to recover for emotional injuries that result from *witnessing* harm to another if the plaintiff is also threatened with physical harm as a result of a defendant's negligence. *See Plaisance v. Texaco, Inc.*, 966 F.2d 166 (5th Cir. 1992) (emphasis added); *Chaparro*, 693 F.3d at 1338 (finding complaint stated viable claim for NIED and sufficiently alleged that plaintiffs were in the zone of danger where the plaintiffs alleged they *witnessed* victim's shooting and death and experienced various physical manifestations of their emotional distress); *Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1210 (S.D. Fla. 2020) (finding that surviving relatives of cruise ship passenger who died while swimming from a catamaran to the beach during a shore excursion, who alleged that they *witnessed* the passenger's death, were in the zone of danger). Further, the alleged breaches of duty complained of in this count include negligent hiring, negligent selection and retention, a failure to comply with industry regulations, etc. – all of which could/should be independently pled under the shotgun pleading rule and none of which seem to have anything to do with a claim for negligent infliction of emotional distress.

Finally, the tort of Negligent Infliction of Emotional Distress applies where somebody is a bystander to another's harm and sustains injury by being within that zone of danger. It is not the appropriate cause of action where one is the direct recipient of a negligent act causing damage. "NIED claims are appropriate only where the physical injury is suffered by someone other than the Plaintiff." *DW by & through CW v. Carnival Corp.*, No. 17-20115-CIV, 2018 WL 7822329, at *14 (S.D. Fla. Jun. 19, 2018) (citing *Terry*, 3 F. Supp. 3d at 1369). Here, Plaintiff was allegedly the actual victim of the alleged sexual assault. Any emotional harm suffered by Plaintiff arises from direct physical injuries to her stemming from the alleged assault. As such, Plaintiff's NIED claim is inappropriate and must be dismissed. *See Terry*, 3 F.Supp.3d at 1369 (the "zone of danger" test requires proximity to a traumatic event involving individuals other than the plaintiff). Because Plaintiff's alleged emotional harm arises from direct physical injuries to him, her NIED claim is inappropriate and must be dismissed. *See DW by & through CW*, 2018 WL 7822329, at *14 (dismissing NIED claim where the plaintiff's damages arose from direct physical injuries rather than to proximity to a traumatic event).

**V.     Plaintiff's Intentional Infliction of Emotional Distress (IIED) Claim (Count III) Should be Dismissed.**

In Count III, Plaintiff alleges intentional infliction of emotional distress arising from her alleged sexual assault. In cases governed by maritime law, courts apply the standards of the Restatement (Second) of Torts § 46 (1965) and state law to claims for IIED. *See, e.g., Wu v. NCL (Bahamas) Ltd.*, No. 16-22270-CIV, 2017 WL 1331712, at *2 (S.D. Fla. Apr. 11, 2017) (Florida law applied to IIED claim by passenger against cruise line) (*citing Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) (noting no maritime law concerning IIED, courts apply Restatement (Second) of Torts and Florida state case law); *Elbaz v. Royal Caribbean Cruises*, Ltd.,

No. 16-24568-CIV, 2017 WL 3773721, at *4 (S.D. Fla. Jan. 12, 2017); *Stires v. Carnival Corp.,* 243 F.Supp.2d 1313, 1319 (M.D. Fla. 2002).

Florida courts "sparingly" recognize IIED claims. *Vamper v. United Parcel Service, Inc.,* 14 F. Supp. 2d 1301, 1306 (S.D. Fla. 1998); *Wu*, 2017 WL 1331712, at *2-3. To state a claim for IIED under Florida law, Plaintiff must allege facts showing: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused emotional distress; (4) the distress was severe. *Brown v. Royal Caribbean Cruises, Ltd.,* No. 16-24209-CIV, 2017 WL 3773709, at *1 (S.D. Fla. Mar. 17, 2017); *Nettles v. City of Leesburg Police Dep't,* 415 F. App'x 116 (11th Cir. 2010). Mere knowledge that certain conduct might cause a plaintiff to become upset or distressed does not meet the standard for outrageous conduct. *Bakar v. Bryant*, No. 13-21927-CIV, 2013 WL 5534235, at *2-3 (S.D. Fla. Oct. 7, 2013). Rather, to qualify as outrageous the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Irwin v. Miami-Dade County Pub. Sch.*, No. 06-23029-CIV, 2009 WL 465061, at *13-14 (S.D. Fla. Feb. 24, 2009), *aff'd*, 398 F. App'x 503 (11th Cir. 2010) (*quoting LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004)). "Whether conduct alleged is sufficiently 'outrageous' to state a claim for intentional infliction of emotional distress is a question of law for the court to decide" and is appropriately considered on a motion to dismiss. *Garcia v. Carnival Corp.,* 838 F. Supp. 2d 1334, 1336 (S.D. Fla. 2012); *De La Campa v. Grifols Am., Inc.,* 819 So. 2d 940, 943 (Fla. 3d DCA 2002). Florida courts employ an "*extremely high standard*" in making this determination. *Clemente v. Horne,* 707 So.2d 865, 866 (Fla. 3d DCA 1998) (emphasis added).

In *Wu*, the court noted:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that

his conduct has been characterized by 'malice' or a degree of aggravation which would entitle plaintiff to punitive damages for another tort.

*Wu,* 2017 WL 1331712 at *2-3; *Brown v. Zaveri,* 164 F.Supp.2d 1354, 1362 (S.D. Fla. 2001); *see DeShiro v. Branch*, No. 96-800-CIV-T-17E, 1996 WL 663974, at *3 (M.D. Fla. Nov. 4, 1996) (dismissing IIED claim where Plaintiffs alleged sexual harassment, inappropriate touching groping, sexually suggestive comments, and firing for refusing to have sex with abuser, finding the touchstone of IIED cases is the presence of a "relentless campaign of physical as well as verbal abuse that crosses all bounds of decency.").

Further, a claim for intentional infliction of emotional distress must be based on an independent tort.  It is not enough to say, "I was assaulted" and the assault was "outrageous." An IIED claim is precluded when "it does not set forth an independent tort for the recovery of damages for emotional distress." *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015) (citation and emphasis omitted). Plaintiff has not shown the existence of any independent facts, distinct from the alleged assault, on which to base the IIED claim.

Here, Plaintiff's allegations in support of NCL's outrageous conduct are a mere recitation of the crewmember's alleged sexual assault against her. (ECF No. 1), ¶ 44. Plaintiff further fails to allege that NCL's actions were done with a "deliberate" intent to cause her mental suffering, as required to state an IIED claim. *Brown,* 2017 WL 3773709, at *2-3; *Nettles,* 415 F. App'x 116; *see Brown v. Zaveri,* 164 F.Supp.2d at 1362 (conclusory allegations of malice, outrageousness, willfulness insufficient to support IIED claim). While nobody would ever argue an assault is not a heinous crime, the allegations pled are simply not sufficient to state a claim for IIED. Indeed, in *Lockhart v. Steiner Management Services, LLC*, No. 10-24665-CIV, 2011 WL 1743766, at *3 (S.D. Fla. May 6, 2011), a case involving sexual assault of a passenger, the court found that "although the allegations of sexual assault are concerning, Plaintiff has provided few other factual

allegations that would support a finding for outrageous behavior … [and] that broad, conclusory statements cannot serve as the basis for a cause of action which is founded upon the necessity of certain actions that are so abhorrent to society that they are considered outrageous." Likewise, in *Garcia v. Carnival Corp*., the court dismissed an IIED claim based upon assault by seven crewmembers finding that nothing alleged by the plaintiff was "so outrageous in character, and so extreme in degree" to support an IIED claim. 838 F.Supp.2d at *1339; see Rubio v. Lopez*, 445 F. App'x 170, 175 (11th Cir. 2011) (plaintiff failed to allege sufficient outrageous conduct where a deputy sheriff hobble-tied him on hot black asphalt resulting in second degree burns); *Blair v. NCL (Bahamas) Ltd*., 212 F. Supp. 3d 1264 (S.D. Fla. 2016) (finding failure to allege sufficiently outrageous conduct where plaintiff's child drowned in a pool advertised as "kid friendly," though lacking lifeguards, lifesaving equipment, and personnel prepared to respond to a drowning event).

Because Plaintiff's Complaint fails to allege facts sufficient to support a claim for IIED, it must be dismissed.

## VI.     Plaintiff's Negligent Failure to Warn (Count IV) Claim Should be Dismissed.

In Count IV, Plaintiff asserts a claim of negligent failure to warn against NCL. Under general principles of negligence law applicable in maritime tort cases, a cruise ship operator owes passengers a duty of reasonable care under the circumstances. *See Lugo v. Carnival Corporation*, 154 F.Supp.3d 1341, 1345 (S.D. Fla. 2015) (citing *Chaparro*, 693 F.3d at 1336) ("In analyzing a maritime tort case, courts 'rely on general principles of negligence law.'"). This "includes a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger." *Poole v. Carnival Corp.*, No. 14-20237-CIV, 2015 WL 1566415 at *5 (S.D. Fla. 2015) (*citing Cohen v. Carnival Corp.*, 945 F.Supp.2d 1351, 1357 (S.D. Fla. 2013)). "Individual subjective perceptions of the injured party are irrelevant in the

determination of whether a duty to warn existed." *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F.Supp.2d 1345, 1351 (S.D. Fla. 2008) (citation omitted).

Plaintiff alleges that NCL knew or reasonably should have known about the prevalence and danger of sexual assault on its vessels and breached its duty of reasonable care by failing to warn her of these dangers. (ECF No. 1). Though Plaintiff claims that NCL "knew or should have known of the high risk to its passengers of crime and injury aboard the vessels is enhanced by copious quantities of alcohol on its vessels," she fails to allege that alcohol was an element of her alleged sexual assault. *Id*. Further, Plaintiff claims that NCL breached its duty of reasonable care by failing to warn its passengers about the high risk of crime and injury aboard its vessels and should have done so through written materials and/or memos, warnings on its website, making audible announcements, or playing videos warning messages. *Id*.

Notwithstanding these claims, in citing to the Department of Transportation's statistical compilation of shipboard incidents, which include sexual assaults committed against passengers, Plaintiff effectively concedes that NCL does, in fact, discharge its duty to warn of the incidence of sexual assault on its vessels. (ECF No. 1). Despite claiming that NCL failed to warn her of the prevalence and/or dangers of sexual assault on its vessels (and/or being "targeted" for sexual assault due to intoxication), Plaintiff admits that NCL reports all such incidents directly to the Department of Transportation and/or the FBI for statistical compilation and publishing made available to the public. Plaintiff was made directly aware of this information via NCL's website at https://www.ncl.com/sites/default/files/Security_Guide_040517_040218.pdf. Plaintiff's claim regarding NCL's failure to warn is implausible on its face because it is negated by the same facts that Plaintiff alleges. Thus, Plaintiff's negligent failure to warn claim warrants dismissal.

## VII.   Plaintiff's Negligent Misrepresentation (Count V) Claim Should be Dismissed.

To plead a claim for negligent misrepresentation, Plaintiff must allege: "(1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation." *Holguin v. Celebrity Cruises, Inc.*, Nos. 10–20215–CIV, 10–20545–CIV, 10–20546–CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (*citing Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1355 (S.D. Fla. 2009)).

"As an allegation of fraud, negligent misrepresentation is subject to the heightened pleading standard of Rule 9(b)." *Doria v. Royal Caribbean Cruises, Ltd.*, 393 F. Supp. 3d 1141, 1145 (S.D. Fla. 2019) (*quoting Ceithaml v. Celebrity Cruises, Inc*., 207 F.Supp.3d 1345, 1353 (S.D. Fla. 2016)). This requires a party to " state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this standard, a plaintiff must set forth:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statement and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Courts regularly dismiss misleading advertising claims for failing to satisfy Rule 9's standards. *Ceithaml*, 207 F.Supp.3d at 1353 ("to pass Rule 9(b) muster, the Complaint must set forth particular allegations about the who, what, when, where, and how of the fraud") (internal citations omitted).

Plaintiff alleges that on its website NCL "misrepresented that it would provide a safe cruise ship to its passengers." (ECF No. 1). Further, she alleges that NCL advertised it endeavored to provide "reasonable protection" for the comfort and safety of its passengers on board its ships. *Id*. Although Plaintiff alleges that NCL's website included these misrepresentations, she fails to allege "the who, what, when, where, and how," of the negligent misrepresentation claim as required. *Ceithaml*, 207 F.Supp.3d at 1353. Moreover, the Complaint does not set forth any facts that the alleged statements were false. In *Sanlu Zhang*, the Court dismissed the plaintiff's negligent misrepresentation claim because the complaint did "not set forth any facts showing that any of [the alleged] statements are actually false." *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *5 (S.D. Fla. Nov. 15, 2019). The Court agreed with Royal Caribbean that the plaintiff did not get past even the first element of his claim. *Id.* Moreover, the Court found that "many of the misrepresentations that Zhang points to are not actionable" on a negligent misrepresentation claim as "it is well settled that a general promise that the trip will be 'safe and reliable' does not constitute a guarantee that no harm will befall plaintiff." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232 (S.D. Fla. 2006); *see also Gibson v. NCL (Bahamas) Ltd.*, 11-24343-CIV, 2012 WL 1952667, at *6 (S.D. Fla. May 30, 2012) (finding the "general promise of safety, reliability, and licensure is not actionable.").

In *Isbell*, the plaintiff was bitten by a snake during a shore excursion "recommended" by Carnival. The plaintiff alleged that he participated in the excursion upon Carnival's misrepresentation that it was "safe" and that "there was no need for concern." *Id*. at 1234-35. In granting summary judgment, the Court held that, "[a] general promise that the trip will be 'safe and reliable' does not constitute a guarantee that no harm will befall plaintiff," and held such representations insufficient to sustain a negligence claim. *Id.* at 1237. Similarly, in *Balaschak*,

the Court held the statement that a trip was "safe" could not "form the foundation of a negligent misrepresentation claim." *See Balaschak v. Royal Caribbean Cruises, Ltd.*, 09-21196-CIV, 2009 WL 8659594, at *9 (S.D. Fla. Sept. 14, 2009) ("Consistent with *Isbell* and the cases cited therein, Count VIII fails to state a claim upon which relief can be granted to the extent that the 'misrepresentation of material fact' is that the excursion was 'safe.'").

It stands to reason that endeavoring to provide reasonable protection is the type of puffery that cannot form the basis of a claim. *See Morgensen v. Body Cent. Corp.,* 15 F. Supp. 3d 1191, 1211 (M.D. Fla. 2014) (describing puffery as "generalized, non-verifiable, vaguely optimistic statements" that "are immaterial as a matter of law and therefore inactionable"); *See Alvarez v. Royal Caribbean Cruises, Ltd*., 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012) (finding misrepresentations appearing on Royal Caribbean's website that the cruise would be "an experience you'll never forget" and that "Our goal is to provide you with the best possible service in everything we do" were "non-actionable puffery and sales talk").

Plaintiff failed to comply with the heightened pleading standards of Fed. R. Civ. P. 9(b) governing fraud allegations and NCL's alleged misrepresentations do not amount to a guarantee that no harm would befall Plaintiff. Accordingly, Plaintiff's claim for negligent misrepresentation should be dismissed.

## VIII.   Claims of Negligence *Per Se* and Application of the Pennsylvania Rule Should be Dismissed.

To the extent Plaintiff's attempts to allege a negligence *per se* claim against NCL and to invoke the *Pennsylvania Rule* in connection with Counts II,  IV, and V of the Complaint, these attempts fail. Plaintiff generally alleges that NCL failed to comply with unspecified industry standards, statutes, and/or regulations and invokes application of the *Pennsylvania Rule* in the context of claims for NIED, failure to warn, and negligent misrepresentation.

Negligence *per se* may be established either through a violation of a statute "designed to protect a particular class of persons from their inability to protect themselves," *deJesus v. Seaboard Coast Line R.R. Co.,* 281 So.2d 198, 201 (1973) (citing *Tamiami Gun Shop v. Klein,* 116 So.2d 421 (Fla. 1959)), or violation of "any other statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus,* 281 So.2d at 201. Plaintiff's failure to allege the statutory or regulatory basis for the negligence *per se* claim and failure to allege that Plaintiff was part of the class of persons the unidentified statutes or regulations were intended to protect results in the failure to provide fair notice to NCL of the grounds on which the claims rest. Irwin, 2009 WL 497652, at *4; *Gates v. W.R. Grace & Co.,* No. 808CV2560T27TBM, 2009 WL 1455316, at *3 (M.D. Fla. May 21, 2009).

Further, the *Pennsylvania Rule* is "a burden-shifting test that applies to maritime collision and allision cases in the Eleventh Circuit." *Scouten v. NCL (Bahamas) Ltd.*, No. 08-21485-CIV, 2009 WL 10692716, at *1 (S.D. Fla. Mar. 4, 2009); *Superior Const. Co., Inc. v. Brock,* 445 F.3d 1334, 1340 (11th Cir. 2006). Its applicability has been considered and rejected in slip and fall cases that occurred during the boarding/disembarking of a cruise ship where no collision/allision was pleaded. *Scouten*, 2009 WL 10692716; *McLean v. Carnival Corp.*, No. 12-24295-CIV, 2013 WL 1024257, at *5 (S.D. Fla. Mar. 14, 2013); *Caldwell v. Carnival Corp.*, 944 F. Supp. 2d 1219, 1225 (S.D. Fla. 2013). Although the court found that the applicability of the *Pennsylvania Rule* could be evaluated at a later stage where valid claims of negligence were asserted, those cases involved situations where a collision "could plausibly have been a contributory cause of [the plaintiff's] injuries." *Scouten*, 2009 WL 10692716, at *3. In contrast, this case involves a claim of sexual assault on a passenger by a crewmember such that a collision/allision could not have plausibly contributed to Plaintiff's injuries. Accordingly, these claims should be dismissed.

IX.   **Plaintiff's Negligent Hiring and Retention Claims (Counts VI and VII) Should be Dismissed.**

In Counts VI and VII, Plaintiff alleges that NCL negligently hired and retained the crewmember who allegedly assaulted her. Negligent selection or hiring and negligent retention are separate and distinct causes of action; the difference between them being "the time at which the [cruise line] is charged with knowledge of the…unfitness." *Woodley,* 472 F. Supp. 3d at 1205 (*citing Chimene v. Royal Caribbean Cruises, LTD.*, No: 16-23775-CV-MORENO/TURNOFF, 2017 WL 8794706, at *6 (S.D. Fla. Nov. 14, 2017)).

Negligent hiring and/or retention claims require a plaintiff to show that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *See Doe v. NCL (Bahamas) Ltd.*, No. 18-20060-CIV, 2018 WL 3848421, at *3 (S.D. Fla. Aug. 13, 2018) (*citing Doe v. NCL (Bahamas) Ltd.*, No. 1:16-CV-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016)). To support these claims, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee." *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249 (S.D. Fla. 2014) (Lenard, J.) (*quoting Stires*, 243 F. Supp. 2d at 1318). A plaintiff "must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020).

Here, Plaintiff asserts broad, general allegations that NCL hires "young men from developing countries or from countries where the economy is bleak" who are "away from their families and spouses and significant others for months at a time" and for whom background checks cannot be adequately completed or verified. (ECF No. 1). These allegations are conclusory and

speculative, not factual. *See Doe*, 470 F. Supp. 3d at 1324 ("Plaintiff's generalized allegations about Carnival's knowledge that its foreign-born employees had a potential propensity to rape…are insufficient to state a claim as to [alleged assailants] in particular). In *Doe v. NCL (Bahamas) Ltd.*, Judge Scola found that identical allegations did not "speak to the negligent hiring or retention of [assailant crewmember] in particular." 2018 WL 3848421, at *3. Thus, Plaintiff has not sufficiently pled that NCL knew or should have known of any unfitness or propensity for violent behavior of the alleged assailant crewmember either prior to or after retaining them to support a claim for negligent hiring and/or retention. Accordingly, Counts VI and VII should be dismissed.

**X.      Paragraphs 11, 13, 14, 19, 20, 26, 34, and 44 Should be Stricken Under Fed. R. Civ. P. 12(f).**

In paragraphs 11, 13, 14, and 20, Plaintiff repeatedly alleges that NCL hires young males from developing countries, pays them below minimum wage, and requires them to work on a ship 7 days a week for 12 to 14 hours a day for months at a time away from their wives and girlfriends. Additionally, paragraph 13 conclusively alleges that NCL "fails to provide a safe environment for its female passengers" and "fails to protect its female passengers from sexual assault," and paragraph 14 alleges that the male crewmembers hired by NCL "are away from their wives and girlfriends for months at a time." Further, without any factual basis, Paragraph 19 alleges that NCL "to save its public image and profits rather than the safety and security of its passengers…under-reports incidents to U.S. authorities, the press, and the public." Not only are these allegations false but they do not pertain to any of the claims raised in the Complaint. They are based exclusively on Plaintiff's conjecture and are designed to malign NCL and cast it in a negative light before the jury to gain sympathy for her position. These conclusory allegations serve no purpose other than to disparage, harass, belittle, embarrass, and impute wrongdoing to NCL by appealing to stereotypes

and biases which will prejudice NCL before the jury. Accordingly, they should be stricken. *See Centex Homes v. Mr. Stucco, Inc.*, No. 8:07-CV-365-T-27MSS, 2008 WL 11336645, at *3 (M.D. Fla. Mar. 25, 2008) (striking allegations not necessary to claim that were inflammatory and likely to cause prejudice); *Coleman v. Haines City, Fla.*, No. 8:16-CV-440-T-24 JSS, 2016 WL 3258305, at *4 (M.D. Fla. June 14, 2016) (striking references in the complaint that the defendants alleged were irrelevant and inflammatory); *Burger v. Health Ins. Plan of Greater New York*, 684 F. Supp. 46, 52 (S.D.N.Y. 1988), *on reconsideration*, No. 87 CIV. 8238 (KC), 1988 WL 60268 (S.D.N.Y. June 7, 1988), and *opinion corrected*, No. 86 CIV. 8238 (KC), 1988 WL 60267 (S.D.N.Y. Jun. 7, 1988) (striking allegations concerning purported criminal activity in fraudulent billing as irrelevant to claim of discrimination and as scandalous because it reflected cruelly on the defendant's moral character); *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking references to the defendant's criminal conviction and income level as immaterial, impertinent, and possibly scandalous with respect to shareholder action).

Paragraph 13 should be stricken because the allegations are scandalous and immaterial. Moreover, it is unnecessary given that paragraph 18 contains similar, broader allegations. Likewise, paragraph 14 should be stricken as scandalous and immaterial, and unnecessary in light of similar allegations contained in paragraph 20. Finally, the allegations in paragraph 22 are repeated nearly *verbatim* in paragraphs 26 (strict liability), 34 (NIED), and 44 (IIED). These repetitive allegations should be stricken under Rule 12(f). *See Doe v. Royal Caribbean Cruises, Ltd.*, No. 11-23321-Civ-Scola, 2012 WL 4479084, at *4 (S.D. Fla. Sept. 28, 2012) (dismissing paragraphs of the plaintiff's complaint that were found in other sections as redundant pursuant to Rule 12(f)).

Because the allegations in paragraphs 11, 13, 14, 19, 20, 26, 34, and 44 are redundant, immaterial, impertinent, and scandalous, they should be stricken pursuant to Fed. R. Civ. P. 12(f).

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE, respectfully requests this Honorable Court to enter an Order dismissing Counts II, III, IV, V, VI, and VI of Plaintiff's Complaint, striking paragraphs 11, 13, 14, 19, 20, 26, 34, and 44 of Plaintiff's Complaint, and granting any further relief it deems just and proper.

Dated:  March 26, 2021
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: */s/      Lizbeth Michel Escandell*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Lizbeth Michel-Escandell, Esq. (FBN 181994)
Lmichel-escandell@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Defendant

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on March 26, 2021. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/___Lizbeth Michel Escandell_____*
Lizbeth Michel Escandell, Esq.

## SERVICE LIST

| | |
|---|---|
| John H. (Jack) Hickey, Esq.<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>Sarah A. Lobel, Esq.<br>slobel@hickeylawfirm.com<br>Hickey Law Firm, P.A.<br>1401 Brickell Avenue, Suite 510<br>Miami, FL  33131<br>Tel: 305-371-8000/Fax: 305-371-3542<br>Attorneys for Plaintiff | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>vmedina@fflegal.com<br>Lizbeth Michel-Escandell, Esq.<br>Lmichel-escandell@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>Counsel for Defendant |